UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGUYEN VAN QUANG,<br><br>                            Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                            Respondents. | Case No.:  3:26-cv-02236-RBM-AHG<br><br>**ORDER REQUIRING STATUS REPORT** |

Before the Court is Petitioner Nguyen Van Quang's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) Petitioner claims that his continued detention without a bond hearing has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause. (*Id.* at 6–7.) Respondents argue that Petitioner's detention is statutorily mandated by 8 U.S.C. § 1225(b)(1) and that even if the Court considered the merits of Petitioner's claim, Petitioner's detention has not become unreasonably prolonged under the relevant test. (Doc. 4 at 3–10 (discussing factors under *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022)).) The Court requires additional information to rule on the issues raised in the Petition.

## I.    <u>BACKGROUND</u>

**A.    Factual Background**

Petitioner is a citizen of Vietnam who entered the United States on July 29, 2025 without inspection. (Doc. 4 at 2 (citing Doc. 4-1 at 3–4).) Petitioner was determined to be inadmissible under Immigration and Nationality Act § 1182(a)(7)(A)(i)(I) and

1

§ 1182(a)(6)(A)(i) and was originally processed for expedited removal. (*Id.*) But on August 28, 2025, the immigration judge vacated the asylum officer's negative credible fear finding. (*Id.*) Petitioner was then issued a Notice to Appear, which initiated removal proceedings against him under 8 U.S.C. § 1229a. (*Id.*)

Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). (*Id.*) Petitioner's first master calendar hearing was scheduled for September 22, 2025. (*Id.*) He had a merits hearing scheduled for either April 28, 2026 or May 5, 2026. (*Id.*; *see also* Doc. 1 at 6.) As of April 24, 2026, Petitioner's removal proceedings remained pending. (Doc. 4 at 2.)

**B.      Procedural Background**

Petitioner, proceeding *pro se*, filed the Petition on April 8, 2026. (Doc. 1.) Shortly thereafter, the Court set a briefing schedule. (Doc. 2.) Respondents filed their Return to Petition for Writ of Habeas Corpus on April 24, 2026. (Doc. 6.) Petitioner was authorized to file a reply on or before May 11, 2026, but did not file one.

## II.      DISCUSSION

The Court requires additional information to rule on the Petition. Although Respondents argue that, if the Court should reach the issue of prolonged detention, it should apply the *Lopez* factors, *Lopez* concerned a petitioner detained under § 1226. *See Lopez*, 631 F. Supp. 3d at 879 ("To determine whether § 1226(c) detention has become unreasonable . . . ."). Therefore, the Court applies the six-factor balancing test used by courts analyzing prolonged detention under § 1225(b). *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020). Under this test, which shares significant overlap with the *Lopez* factors, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

2

3:26-cv-02236-RBM-AHG

The Court lacks sufficient information regarding the second, fourth, fifth, and sixth factors because, in the time since the Petition became fully briefed, Petitioner had a scheduled merits hearing. (*See* Doc. 1 at 6; Doc. 4 at 2.) Respondents argue that the Parties "can only speculate on when the proceedings will conclude at this point," and that once the immigration judge rules on Petitioner's applications for relief, "the path to removal or release will become clearer." (Doc. 4 at 10.)

### III.    CONCLUSION

Therefore, the Court **ORDERS** Respondents to **FILE** a supplemental status report on or before **May 18, 2026**. The status report shall indicate: (1) whether Petitioner's merits hearing occurred on either April 28 or May 5, and, if so, the outcome of that hearing; (2) if it did not, when the merits hearing was rescheduled and why it was rescheduled; (3) whether there are further hearings scheduled; (4) whether Petitioner has appealed, or may appeal, the outcome of any of these hearings; and (5) anything else relevant to the Court's consideration of the *Kydyrali* factors.

**IT IS SO ORDERED.**

DATE:  May 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3

3:26-cv-02236-RBM-AHG